**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

<u>CIVIL MINUTES -- GENERAL</u>

| | | |
|---|---|---|
| Case No. | **ED CV 15-1610-JFW (DTBx)** | Date:  August 20, 2015 |

Title:         Emerson Wood -v- Boomtown Entertainment, LLC, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                           None

**PROCEEDINGS (IN CHAMBERS):**       ORDER REMANDING ACTION TO SAN BERNARDINO COUNTY SUPERIOR COURT

On July 13, 2015, Plaintiff Emerson Wood ("Plaintiff") filed a First Amended Complaint against Defendants CRGE Rancho Cucamonga, LLC, d/b/a Toby Keith's I Love This Bar & Grill!, Boomtown Entertainment, LLC, and Boomtown Management, LLC (collectively, "Defendants") in San Bernardino County Superior Court. On August 9, 2015, Defendant Boomtown Entertainment, LLC ("Boomtown) filed a Notice of Removal of Action Pursuant to 28 U.S.C. § 1441(a)-(b) and 28 U.S.C. § 1332 ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the parties invoking federal jurisdiction, Boomtown bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. For the purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every

state of which its owners/members are citizens.").

Boomtown alleges that Plaintiff is a citizen of Colorado. Although Boomtown alleges that none of Defendant Boomtown Management, LLC's members are citizens of the State of California, Boomtown fails to allege that none of Defendant Boomtown Management, LLC's members are citizens of the State of Colorado and fails to allege the specific citizenship of any of Defendant Boomtown Management, LLC's members. Notice of Removal at ¶ 6; Declaration of Gregory McClure at ¶ 5.

In addition, although Boomtown alleges that none of Defendant CRGE Rancho Cucamonga, LLC's members are citizens of the State of California, Boomtown fails to allege that none of CRGE Rancho Cucamonga, LLC's members are citizens of the State of Colorado. Moreover, although Boomtown declares that the members of CRGE Rancho Cucamonga, LLC are Boomtown Management, LLC and Arizona Universal Holdings, LLC, Boomtown fails to allege the citizenship of any of the members of Arizona Universal Holdings, LLC (and as already noted, the citizenship of any of the members of Boomtown Management, LLC).

Accordingly, this action is **REMANDED** to San Bernardino County Superior Court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.